IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 2:22-CV-14296

AFFORDABLE AERIAL PHOTOGRAPHY, INC.,

   Plaintiff,

v.

PROPERTY MATTERS USA, LLC and HOME JUNCTION INC.,

   Defendants.

## COMPLAINT

Plaintiff Affordable Aerial Photography, Inc. ("Plaintiff") sues defendants Property Matters USA, LLC ("Property Matters") and Home Junction Inc. ("Home Junction") (collectively, the "Defendants"), and allege as follows:

## THE PARTIES

1. Plaintiff is a corporation organized and existing under the laws of the State of Florida with its principal place of business located in Indian River County, Florida.

2. Property Matters is a limited liability company organized and existing under the laws of the State of Florida with its principal place of business located at 5499 N. Federal Highway, Suite F, Boca Raton, FL 33487. Property Matters' agent for service of process is Theodore Brown, 20889 Hamaca Court, Boca Raton, FL, 33433.

3. Home Junction is a corporation organized and existing under the laws of the State of California with its principal place of business located at 1 Venture Plaza, Suite 300, Irvine, CA 92618. Home Junction's agent for service of process is CT Corporation System, 330 N Brand

Boulevard, Suite 700, Glendale, CA 91203.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Property Matters because it has maintained sufficient minimum contacts with Florida such that the exercise of personal jurisdiction over Property Matters would not offend traditional notions of fair play and substantial justice.

6. This Court has personal jurisdiction over Home Junction pursuant to Fla. Stat. §§ 48.193(1)(a)(2) because it committed a tortious act within this state, and the exercise of personal jurisdiction over it would not offend traditional notices of fair play and substantial justice. "Copyright infringement is a tortious act, and the Florida long-arm statute confers jurisdiction if the effects of the infringement were felt in the state. Here, it is undisputed that Plaintiff is a resident of Florida, and as such the effects of any alleged copyright infringement would be felt in Florida." Vallejo v. Narcos Prods., LLC, No. 1:18-cv-23462-KMM, 2019 U.S. Dist. LEXIS 198109, at *5 (S.D. Fla. June 14, 2019) (citing Roberts v. Gordy, No. 13-24700-CIV, 2015 U.S. Dist. LEXIS 180644, 2015 WL 11202580, at *2 (S.D. Fla. Apr. 14, 2015)). Roof & Rack Prods., Inc. v. GYB Inv'rs, LLC, No. 13-80575-CV, 2014 U.S. Dist. LEXIS 92334, at *2 (S.D. Fla. July 8, 2014) ("Copyright infringement is a tortious act, and a person who infringes upon a copyright whose owner resides in Florida causes injury inside the state."); Venus Fashion, Inc. v. Changchun Chengji Tech. Co., No. 16-61752-CIV-DIMITROULEAS/S, 2016 U.S. Dist. LEXIS 194263, at *6-7 (S.D. Fla. Nov. 2, 2016) ("In cases involving online intellectual property infringement, the posting of an infringing item on a website may cause injury and occur in Florida by virtue of the website's accessibility in Florida, regardless of where the offensive material was posted.")

(collecting cases).

7. Venue properly lies in this district pursuant to 28 U.S.C. § 1400(a) because Defendants or their agent(s) reside or may be found in this district. "In other words, 'if a court has personal jurisdiction over the defendants in a copyright infringement action, venue in that court's district is proper.'" McGregor v. In Tune Music Grp., No. 15-62044-CIV-ZLOCH, 2016 U.S. Dist. LEXIS 190302, at *11 (S.D. Fla. July 29, 2016) (quoting Store Decor Div. of Jas Int'l, Inc. v. Stylex Worldwide Indus., Ltd., 767 F. Supp. 181, 185 (N.D. Ill. 1991).

## FACTS

**I.  Plaintiff's Business and History**

8. Plaintiff was created as a Florida corporation in June 2005. Plaintiff's sole shareholder is Robert Stevens.

9. For the past sixteen (16) years, Mr. Stevens has been employed by Plaintiff as a high-end real estate photographer who specializes in aerial photography, stunning exterior and interior shots, as well as offering slide shows, virtual tours, and a full array of stock photography for luxury real estate industries.

10. Mr. Stevens is a pioneer of aerial real estate photography and has been engaging in creative and artistic means to capture such photographs long before today's proliferation of consumer drone technology came to market.

11. Mr. Stevens travels throughout the State of Florida, nationally, and internationally to photograph high-end real estate on behalf of Plaintiff's clients. He has been contracted by over 280 clients to take professional photographs of various real estate projects, including but not limited to the estates of numerous celebrities (such as Madonna, Don King, Greg Norman, Rod Stewart, Ivana Trump, James Patterson, Alexander Haig, Ann Downey, Frank McKinney, Chris

Evert, and others).

12. Plaintiff maintains a commercial website (www.robertstevens.com) which describes the photography services offered by Plaintiff, hosts a sample portfolio of photographs taken by Mr. Stevens, and invites prospective customers to contact Plaintiff to arrange for a professional photo shoot.

13. Plaintiff owns the photographs taken by Mr. Stevens and serves as the licensing agent with respect to licensing such photographs for limited use by Plaintiff's customers. To that end, Plaintiff's standard terms include a limited, one-time license for use of any particular photograph by the customer only. Plaintiff's license terms make clear that all copyright ownership remains with Plaintiff and that its customers are not permitted to transfer, assign, or sub-license any of Plaintiff's photographs to another person/entity.

14. Generally, at the time Plaintiff creates its professional photography, it applies copyright management information to such photography consisting of "© AAP [year] all rights reserved" to the bottom left corner thereof. Plaintiff does this for added protection/assurance to keep unauthorized persons from utilizing/displaying Plaintiff's work.

**II.    The Work at Issue in this Lawsuit**

15. In 2010, Plaintiff created a photograph titled "PRESIDENTIAL PLACE FRONT AERIAL 2010 AAP" (the "Work"). Consistent with Plaintiff's general practices, the Work contains (in the bottom left corner) Plaintiff's copyright management information as follows: "© AAP 2010 all rights reserved." A copy of the Work is exhibited below:



16. The Work was registered by Plaintiff with the Register of Copyrights on April 6, 2018 and was assigned Registration No. VA 2-097-651. A true and correct copy of the Certification of Registration pertaining to the Work is attached hereto as **Exhibit "A."**

17. Plaintiff is the owner of the Work and has remained the owner at all time's material hereto.

### III. Defendants' Unlawful Activities

18. Property Matters is a real estate brokerage in Boca Raton, FL.

19. Property Matters advertises/markets its business primarily through its website (https://www.propertymatters.net/), social media (e.g., https://www.facebook.com/PropertyMattersUSA/), and other forms of advertising.

20. Home Junction is a real estate marking solutions and services provider. In 2020, Home Junction was acquired by ATTOM Data Solutions (the curator of the nation's premier property database). Home Junction manages over 200 MLS RETS and RESO API feeds.

21. Home Junction advertises/markets its business primarily through its website (https://www.homejunction.com/), social media (e.g., https://www.facebook.com/homejunction), and other forms of advertising.

22. At all times relevant hereto, Property Matters and Home Junction maintained a contractual relationship whereby Property Matters was retained to design, develop and manage Home Junction's website.

23. To that end, Home Junction was responsible for designing and managing Property Matters' website for Property Matters' review and approval, and, upon receipt of such approval, Home Junction would publish that content on Property Matters' behalf.

24. On a date after Plaintiff's above-referenced copyright registration of the Work, Property Matters and/or Home Junction published the Work on Property Matters' website (at https://www.propertymatters.net/area/presidential-place-condos-for-sale/#):





25. A true and correct copy of screenshots of Property Matters' website, displaying the copyrighted Work, is attached hereto as **Exhibit "B."**

26. Defendants are not and have never been licensed to use or display the Work. Defendants never contacted Plaintiff to seek permission to use the Work in connection with Property Matters' website.

27. Defendants utilized the Work for commercial use – namely, in connection with the marketing of Property Matters' business.

28. Upon information and belief, Property Matters and/or Home Junction located a copy of the Work on the internet and, rather than contact Plaintiff to secure a license, simply

copied the Work for Property Matters' own commercial use.

29. Through its ongoing diligent efforts to identify unauthorized use of its photograph, Plaintiff discovered Defendants' unauthorized use/display of the Work in February 2022. Following Plaintiff's discovery, Plaintiff notified Defendants in writing of such unauthorized use. To date, Plaintiff has been unable to negotiate a reasonable license for the past infringement of its work.

30. All conditions precedent to this action have been performed or have been waived.

## COUNT I – COPYRIGHT INFRINGEMENT
### (Home Junction)

31. Plaintiff re-alleges and incorporates paragraphs 1 through 30 as set forth above.

32. The Work is an original work of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 *et seq.*).

33. Plaintiff owns a valid copyright in the Work, having registered the Work with the Register of Copyrights and owning sufficient rights, title, and interest to such copyright to afford Plaintiff standing to bring this lawsuit and assert the claim(s) herein.

34. As a result of Plaintiff's reproduction, distribution, and public display of the Work, Home Junction had access to the Work prior to its own reproduction, distribution, and public display of the Work on Property Matters' website.

35. Home Junction reproduced, distributed, and publicly displayed the Work without authorization from Plaintiff.

36. By its actions, Home Junction directly infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501, by reproducing, distributing, and

publicly displaying the Work for its own commercial purposes and for the commercial purposes of Property Matters.

37. Alternatively, to the extent Home Junction did not directly infringe Plaintiff's rights in the Work, Home Junction is liable for contributory infringement.

38. As Home Junction guides, directs and manages the website for its clients, Home Junction has the ability to influence and control the infringing acts of its clients.

39. "Even though the Copyright Act does not specifically provide for secondary liability, vicarious and contributory copyright infringement are well established principles derived from common law." BUC Int'l Corp. v. Int'l Yacht Council Ltd., 489 F.3d 1129, n. 19 (11th Cir. 2007) (citing Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd., 545 U.S. 913, 930-31, 125 S. Ct. 2764, 2776, 162 L. Ed. 2d 781 (2005)). "For [a defendant] to be secondarily liable, the [plaintiff] must establish that there has been direct infringement by a third party." Venus Fashions, Inc. v. ContextLogic, Inc., No. 3:16-cv-907-J-39MCR, 2017 U.S. Dist. LEXIS 155748, at * 32 (M.D. Fla. Jan. 17, 2017); Optimum Techs., Inc. v. Henkel Consumer Adhesives, Inc., 496 F.3d 1231, 1245 (11th Cir. 2007) ("contributory infringement claim requires, at a minimum, both an allegation of a direct infringement by a third party, and an allegation of an intentional or knowing contribution to that infringement by the defendant."). "A claim of contributory copyright infringement arises against one who intentionally induces or encourages the direct infringement of another." Cambridge Univ. Press v. Patton, 769 F.3d 1232, 1242 n.6 (11th Cir. 2014); BUC Int'l Corp., 489 F.3d at 1138 n.19 ("Contributory copyright infringement refers to the intentional inducement, causation or material contribution to another's infringing conduct.").

40. Thus, assuming Home Junction did not directly infringe, Home Junction caused or materially contributed to Property Matters' infringing activity. Home Junction encouraged

Property Matters to utilize copyrighted imagery on Property Matters' website, all while knowing the material was copyright protected.

41. Home Junction obtained a direct financial benefit from its own and/or Property Matters' infringing activities.

42. Home Junction's infringement was willful as it acted with actual knowledge or reckless disregard for whether its conduct infringed upon Plaintiff's copyright.

43. Home Junction manages over 200 MLS RETS and RESO API feeds and has years of experience. It clearly understands that high-end real estate photography – especially that containing copyright management information such as the Work – is generally paid for and cannot simply be copied from the internet.

44. Plaintiff has been damaged as a direct and proximate result of Home Junction's infringement.

45. Plaintiff is entitled to recover its actual damages resulting from Home Junction's unauthorized use of the Work and, at Plaintiff's election (pursuant to 17 U.S.C. § 504(b), Plaintiff is entitled to recover damages based on a disgorgement of Home Junction's profits from infringement of the Work, which amounts shall be proven at trial.

46. Alternatively, and at Plaintiff's election, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c), in such amount as deemed proper by the Court.

47. Pursuant to 17 U.S.C. § 505, Plaintiff is further entitled to recover its costs and attorneys' fees because of Home Junction's conduct.

48. Home Junction's conduct has caused, and any continued infringing conduct will continue to cause irreparable injury to Plaintiff unless enjoined by the Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent

injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**WHEREFORE**, Plaintiff demands judgment against Home Junction as follows:

a. A declaration that Home Junction has infringed Plaintiff's copyrights in the Work;

b. A declaration that such infringement is willful;

c. An award of actual damages and disgorgement of profits as the Court deems proper or, at Plaintiff's election, an award of statutory damages for willful infringement up to $150,000.00 for each infringement of the Work;

d. Awarding Plaintiff its costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

e. Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

f. Permanently enjoining Home Junction, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Home Junction, from directly or indirectly infringing Plaintiff's copyrights or continuing to display, transfer, advertise, reproduce, or otherwise market any works derived or copied from the Work or to participate or assist in any such activity; and

g. For such other relief as the Court deems just and proper.

## COUNT II – COPYRIGHT INFRINGEMENT
**(Property Matters)**

49. Plaintiff re-alleges and incorporates paragraphs 1 through 30 as set forth above.

50. The Work is an original work of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 *et seq.*).

51. Plaintiff owns a valid copyright in the Work, having registered the Work with the Register of Copyrights and owning sufficient rights, title, and interest to such copyright to afford Plaintiff standing to bring this lawsuit and assert the claim(s) herein.

52. As a result of Plaintiff's reproduction, distribution, and public display of the Work, Property Matters had access to the Work prior to its own reproduction, distribution, and public display of the Work on its website.

53. Property Matters reproduced, distributed, and publicly displayed the Work without authorization from Plaintiff.

54. By its actions, Property Matters infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501, by reproducing, distributing, and publicly displaying the Work for its own commercial purposes.

55. Alternatively, to the extent Property Matters did not directly infringe Plaintiff's rights in the Work, Property Matters is liable for vicarious infringement.

56. As the owner of the website in question and the entity which retained Home Junction to design/manage its website, Property Matters has the right and ability to control the infringing acts of Home Junction yet declined or failed to stop Home Junction from engaging in its infringing activity.

57. Property Matters is a real estate brokerage that relies on photography to showcase properties for sale. It clearly understands that high-end real estate photography – especially that containing copyright management information such as the Work – is generally paid for and cannot simply be copied from the internet. Notably, Property Matters itself utilizes a copyright disclaimer on its website ("© 2022 Property Matters. All Rights Reserved."), indicating that Property Matters understands the importance of copyright protection and intellectual property rights.

58. As a direct and proximate result of Property Matters' direct and/or vicarious copyright infringement, Plaintiff has been damaged. See, e.g., Broad. Music, Inc. v. Evie's

Tavern Ellention, Inc., No. 8:11-cv-2056-T-17TBM, 2011 U.S. Dist. LEXIS 137720, at *5-8 (M.D. Fla. Nov. 30, 2011) ("Because Defendants, Evie's and Evanoff, benefited from the performances and admitted they owned, controlled, managed, and operated Evie's, they are vicariously liable for the infringement."); LaTele TV C.A. v. Telemundo Communs. Grp., LLC, No. 12-22539-CIV-ROSENBAUM, 2013 U.S. Dist. LEXIS 43488, at *32 (S.D. Fla. Mar. 26, 2013) ("[P]leading facts sufficient to pierce the corporate veil is not required in order to state a cause of action for vicarious copyright infringement.").

59. Plaintiff is entitled to recover its actual damages resulting from Property Matters' unauthorized use of the Work and, at Plaintiff's election (pursuant to 17 U.S.C. § 504(b), Plaintiff is entitled to recover damages based on a disgorgement of Property Matters' profits from infringement of the Work, which amounts shall be proven at trial.

60. Alternatively, and at Plaintiff's election, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c), in such amount as deemed proper by the Court.

61. Pursuant to 17 U.S.C. § 505, Plaintiff is further entitled to recover its costs and attorneys' fees as a result of Property Matters' conduct.

62. Property Matters' conduct has caused and any continued infringing conduct will continue to cause irreparable injury to Plaintiff unless enjoined by the Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**WHEREFORE**, Plaintiff demands judgment against Property Matters as follows:

h. A declaration that Property Matters has infringed Plaintiff's copyrights in the Work;

i. A declaration that such infringement is willful;

j. An award of actual damages and disgorgement of profits as the Court deems proper or, at

    Plaintiff's election, an award of statutory damages for willful infringement up to $150,000.00 for each infringement of the Work;

k. Awarding Plaintiff its costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

l. Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

m. Permanently enjoining Property Matters, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Property Matters, from directly or indirectly infringing Plaintiff's copyrights or continuing to display, transfer, advertise, reproduce, or otherwise market any works derived or copied from the Work or to participate or assist in any such activity; and

n. For such other relief as the Court deems just and proper.

## Demand For Jury Trial

Plaintiff demands a trial by jury on all issued so triable.

Dated: August 21, 2022.

COPYCAT LEGAL PLLC
3111 N. University Drive
Suite 301
Coral Springs, FL 33065
Telephone: (877) 437-6228
dan@copycatlegal.com
james@copycatlegal.com

By: /s/ Daniel DeSouza, Esq.
    Daniel DeSouza, Esq.
    Florida Bar No.: 19291
    James D'Loughy, Esq.
    Florida Bar No.: 0052700