IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRCIT OF FLORIDA

Case No.: 2:22-cv-14296-AMC

AFFORDABLE AERIAL PHOTOGRAPHY, INC.,

    Plaintiff,

v.

PROPERTY MATTERS USA, LLC and
HOME JUNCTION, INC.

    Defendants.
_____/

DEFENDANT PROPERTY MATTERS USA, LLC'S REPLY IN SUPPORT OF ITS
MOTION FOR ATTORNEYS' FEES AND COSTS

# **TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES .................................................................................................... ii

RENEWED REQUEST FOR ORAL ARGUMENT ................................................................ iii

ARGUMENT ...............................................................................................................................2

I. PROPERTY MATTERS IS THE PREVAILING PARTY AS A MATTER OF LAW BECAUSE AAP'S CLAIMS ARE BARRED FROM BEING REFILED BASED ON THE COPYRIGHT ACT'S STATUTE OF LIMITATIONS ....................................................................................................................2

II. AAP PURSUED BASELESS AND FRIVOLOUS CLAIMS AGAINST PROPERTY MATTERS IN BAD FAITH AND PRECEDENT AND THE GOALS OF THE COPYRIGHT ACT FAVOR AWARDING PROPERTY MATTERS ITS FULL COSTS, INCLUDING REASONABLE ATTORNEYS' FEES FOR DEFENDING AGAINST THOSE CLAIMS ..................................................................................6

III. AAP'S ARGUMENTS AS TO THE REASONABILITY OF FEES ARE UNSUPPORTABLE IN FACT AND LAW ...............................................................................................................8

CONCLUSION ............................................................................................................................9

## **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Bonner v. Prichard*
  661 F.2d 1206 (11th Cir. 1981) ..................................................................................2

*Calhoun v. Lillenas Pub.*
  298 F.3d 1228 (11th Cir. 2002) ..................................................................................3

*Foudy v. Indian River Cnty. Sheriff's Office*
  845 F.3d 1117 (11th Cir. 2017) ...............................................................................5, 6

*Jim Arnold Corp. v. Hydrotech Sys., Inc.*
  109 F.3d 1567 (Fed. Cir. 1997)................................................................................4, 5

*Petrella v. MGM*
  572 U.S. 663 (2014)....................................................................................................4

*Prather v. Neva Paperbacks, Inc.*
  446 F.2d 338 (5th Cir. 1971) .................................................................................2, 3

*Scholastic Entm't Inc. v. Fox Entm't Group, Inc.*
  336 F.3d 982 (9th Cir. 2003) ......................................................................................4

*Topolos v. Cadewey*
  698 F.2d 991 (9th Cir. 1983) ......................................................................................4

*Webster v. Dean Guitars*
  955 F.3d 1270 (11th Cir. 2020) ..............................................................................3, 4

**U.S. Codes**

17 U.S.C.
  § 101..........................................................................................................................4
  § 507(b).....................................................................................................................4

## **RENEWED REQUEST FOR ORAL ARGUMENT**

The Defendant Property Matters USA, LLC respectfully renews its requests that oral argument be granted on the instant Motion. Defendant continues to believe that oral argument would assist the Court in ruling on the issues presented herein, particularly on the issues of dispute raised in Plaintiff Affordable Aerial Photography, Inc.'s Opposition, including (1) the correct application of Eleventh Circuit precedent in applying the Copyright Act's statute of limitations, including any factual findings, and (2) correct application of Eleventh Circuit precedent in determining whether to award fees under the Copyright Act.

Keeping with the theme of this action, AAP's Opposition (ECF No. 30, "Opp.") is internally inconsistent and contradictory. AAP's main arguments are legally and factually unsupported, and its *ad hominem* attacks on the undersigned reflect an attempt to distract from its own ethical violations highlighted by the underlying Motion.

AAP does not dispute the critical facts: (1) the alleged infringing act occurred by at least 2017; (2) AAP knew before filing the action the alleged infringing act occurred by at least 2017; (3) the evidence of the alleged infringement was publicly available and never concealed; and (4) AAP dismissed its claims against Property Matters in 2022, knowing that the alleged infringement occurred more than three (3) years before dismissal. *See generally*, Opposition. Moreover, AAP does not dispute that it threatened to sue Property Matters for the alleged infringement of the copyright in a single photograph unless Property Matters paid it the extortionate sum of $35,000.00—based on threats of recovery that would be barred as a matter of law. *See generally, ibid.* Going even further, AAP now *concedes* that it filed this action against Property Matters despite having both actual *and* constructive knowledge that the allegedly infringing website was created by co-Defendant Home Junction, Inc., and the allegedly infringing act was therefore not performed by Property Matters.

Notably, AAP's Opposition *ignores* the Eleventh Circuit's precedent cited in Property Matters' Motion and argues that the number of active websites allows its claim that it could not have actually known of the alleged infringement before 2021—despite the evidence being open and public since at least 2017. But Eleventh Circuit precedent holds that *even if* a "discovery rule" is applied, a party is on *constructive* knowledge of an injury as of the date that injury occurred. AAP has no response to that point.

AAP and its counsel attempt to suggest that AAP—as the Plaintiff—is the "victim" here,

that it should be free to file improper lawsuits against the wrong party as "leverage" against the correct party, and then avoid liability for the fees it wrongfully forced the innocent party—Property Matters—to incur.  But one goal of the Copyright Act providing for fee-shifting is to encourage vigorous defenses when plaintiffs improperly file suit.  That is the case here.  AAP wrongfully filed suit against Property Matters, knowing it was suing the wrong party and lacking any evidence to support its claims against Property Matters.  It then maintained the action despite Property Matters raising those issues and inviting dismissal without any liability.  AAP vexatiously dragged out the action to force Property Matters to incur fees while it demanded extortionate settlement amounts it *knew* it was not entitled to.

AAP's Opposition, replete with false representations, either ignores or intentionally misstates (1) Property Matters' Motion, (2) the precedent on which it purports to rely, and (3) the facts of this case.  Factually and legally flawed, the internally inconsistent Opposition highlights AAP's bad-faith litigation tactics and demonstrates why fees should be awarded to Property Matters.  In keeping with precedent and the goals of the Copyright Act, Property Matters' motion should be granted, and it should be awarded the fees it was wrongfully forced to incur in this action.

**ARGUMENT**

**I.   PROPERTY MATTERS IS THE PREVAILING PARTY AS A MATTER OF LAW BECAUSE AAP'S CLAIMS ARE BARRED FROM BEING REFILED BASED ON THE COPYRIGHT ACT'S STATUTE OF LIMITATIONS.**

As addressed in Property Matters' Motion, AAP's claims are barred from being refiled because the Copyright Act's statute of limitations expired prior to dismissal.  Mot. at 5-12.  As Property Matters explained, Eleventh Circuit precedent holds that the limitations period begins to run when the alleged act of infringement occurred.  Mot. at 6-8; *see also Prather v. Neva*

*Paperbacks*, 446 F.2d 338, 339-41 (5th Cir. 1971)[1]. Property Matters acknowledged in its Motion that courts in this District "have applied the discovery rule articulated in *Sieger Suarez*," but explained (1) that those opinions failed to consider the Eleventh Circuit's precedential *Prather* opinion and (2) that recent Supreme Court and Eleventh Circuit precedent have flatly rejected the rationale and reasoning for applying a "discovery rule." Mot. at 6-8. **Tellingly, AAP completely avoids addressing the Eleventh Circuit's *Prather* precedent throughout its Opposition**.

Instead, AAP relies on those prior district court holdings and then improperly asserts that Eleventh Circuit "precedent" requires applying the "discovery rule" to Copyright claims, Opp. at 1, 5-10, an argument squarely rejected by *Prather*. But the Eleventh Circuit "holdings" AAP purportedly cites do not support its arguments. AAP quotes ***dicta from within the concurrence*** in *Calhoun v. Lillenas Pub.*, 298 F.3d 1228 (11th Cir. 2002), that "[t]he limitations period ***may be triggered*** when a plaintiff knows or, in the exercise or reasonable diligence, should have known about an infringement," *id.* at 1236 (emphasis added), misrepresenting that quote as a "holding." *Compare* Opp. at 5-7 ("These courts have ***all*** held that a discovery rule applies . . . .") *with Calhoun*, 298 F.3d at 1236 (not addressing the issue even within the concurrence). Judge Birch's concurrence in *Calhoun* included that quote for reference in addressing a different issue and used the phrase "may" indicating that it was not something being decided in that case. 298 F.3d at 1236. That quote is also *consistent* with *Prather*, which applies the "injury rule" to the copyright infringement claim but allows for a plaintiff to establish a basis for tolling the limitations period. 446 F.2d at 339-41.

Next, AAP inappositely relies on *Webster v. Dean Guitars*, 955 F.3d 1270 (11th Cir. 2020) which addressed a *different issue*: when does a claim for *copyright ownership* accrue. *Id.* at 1275-

---

[1] Adopted as precedent. *Bonner v. Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

76. There, the Eleventh Circuit rejected the Sixth and Ninth Circuit's approach "that a copyright ownership claim accrues when 'there is a "plain and express repudiation" of ownership by one party as against the other,'" and adopted the approach of the First, Second, Fifth, and Seventh Circuits in holding "that copyright ownership claims accrue 'when the plaintiff learns, or should as a reasonable person have learned, that the defendant was violating his rights." *Ibid.* (citing cases).

But the Copyright Act does not provide a cause of action for copyright *ownership*, *see* 17 U.S.C. § 101, *et seq.*, and *Webster* did not address or analyze that issue. Therefore, the limitations period in § 507(b) was inapplicable to the *ownership claim* at issue in *Webster*. *See Scholastic Entm't Inc. v. Fox Entm't Group, Inc.*, 336 F.3d 982, 985-89 (9th Cir. 2003) (explaining that copyright *ownership* is not a cause of action "arising under" the Copyright Act and that state law fills the gaps to determine post-creation ownership issues); *see also Topolos v. Cadewey*, 698 F.2d 991, 993-94 (9th Cir. 1983) ("The court concluded that the 'true thrust' of Topolos' action was resolution of the ownership of the copyright, which required a determination under state law of the rights and obligations arising under the publishing contract. . . . In an action for infringement plaintiff necessarily must establish ownership of a valid copyright and copying by the defendant. Ownership of the copyright is therefore always a threshold question. Only when such ownership is the sole question for consideration are federal courts without jurisdiction.") (internal citations omitted); *Jim Arnold Corp. v. Hydrotech Sys., Inc.*, 109 F.3d 1567, 1572 (Fed. Cir. 1997) ("the question of who owns the patent rights and on what terms typically is a question exclusively for state courts").

Further, *Webster* **distinguished** accrual of an *ownership* claim from an *infringement* claim, while favorably citing that "[i]n *Petrella*, the Supreme Court stated that a copyright *infringement*

4

*claim* 'ordinarily accrues when a plaintiff has a complete and present cause of action,' that is, 'when an infringing act occurs.'" *Id.* at 1275 (citing *Petrella v. MGM*, 572 U.S. 663, 670 (2014)) (emphasis added). *Webster* distinguished *Petrella* because *Webster* was addressing copyright *ownership*, **not a** claim for copyright *infringement*. *Id.* at 1275-77. The reasoning in *Webster* was that whereas an infringement claim accrues each time an infringing act occurs, an ownership claim accrues only once. *Id.* at 1275-77. Contrary to the express analysis in *Webster*, AAP argues here that copyright *infringement* claims accrue based on the "discovery rule," when *Webster* expressly distinguished *ownership* from copyright infringement claims.

As explained in Property Matters' motion, traditional rules of statutory construction and the precedent of the Supreme Court and Eleventh Circuit state that a copyright infringement claim "accrues," and the limitations period beings, when the allegedly infringing *act* occurs. Mot. at 6-8. AAP provides no genuine response, other than reliance on cases in this district which applied a discovery rule without consideration of those fundamental principles and precedent. Opp. at 4-7. AAP further ignores Property Matters' next argument, that AAP is *charged with constructive knowledge* of the alleged infringement as of the date the allegedly infringing act was publicly available. Mot. at 8-12.

In *Foudy v. Indian Rive Cnty. Sheriff's Office*, 845 F.3d 1117 (11th Cir. 2017) ("*Foudy II*"), the Eleventh Circuit explained that "though many [Eleventh Circuit] cases profess adherence to the discovery rule, **the constructive knowledge element can cause it to function as an occurrence rule**, holding a plaintiff 'should have known' about an injury at the moment it occurs." *Id.* at 1122-23 (collecting cases) (emphasis added). **AAP provides no response to this argument or precedent**. *See generally* Opposition (failing to address this case). At best, AAP makes a half-hearted, disjointed plea that it should not be charged with constructive knowledge because "there

5

are over *1 billion websites* online, with approximately *200 million* of those being active websites." Opp. at 7-10 (emphasis in original). But AAP merely asserts that "generally" reverse image searches are "difficult," providing only a declaration about searches currently conducted on a *different image*. *See* Opp. at 8-10; *see also* ECF No. 26-1, Declaration of Robert Stevens ("Stevens Decl."), ¶¶ 7-15. AAP does not dispute that the alleged infringement was **publicly available**, however, and under Eleventh Circuit precedent, AAP is therefore *charged with constructive knowledge* of the alleged injury—even if it did not *actually* discover the alleged infringement until later. *See Foudy II*, 845 F.3d at 1122-23.

Surprisingly, AAP incorrectly assets: "it should be noted that Property Matters ***does not*** seek an evidentiary hearing with respect to when Plaintiff discovered or, with reasonable diligence, should have discovered the subject infringement." Opp. at 10 (emphasis in original). Property Matters' request for hearing addresses holding an evidentiary hearing, and the Motion invites such a hearing throughout. *See, e.g.*, Mot. at 11-12. But because there is no factual dispute that the act of alleged infringement was public and was not concealed, the Court can rule as a matter of law that AAP was charged with *constructive knowledge* at least as of April 2017 (the date AAP admits the work was publicly available).

AAP's claims against Property Matters are barred under the Copyright Act's statute of limitations: if applying the "injury rule," the claims accrued when the injury occurred, which AAP concedes was at least in 2017; if applying a "discovery rule"—which would be legal error—the claims are still barred because AAP is charged with constructive knowledge as of the date of the injury because the evidence was open and public. As a matter of law, Property Matters is now the

prevailing party in this action.[2]

**II. AAP Pursued Baseless and Frivolous Claims Against Property Matters in Bad Faith and Precedent and the Goals of the Copyright Act Favor Awarding Property Matters Its Full Costs, Including Reasonable Attorneys' Fees for Defending Against Those Claims.**

AAP's history of abusive tactics is not the critical issue here: AAP filed and maintained this action against Property Matters, and threatened to re-file this action against Property Matters, demanding thousands of dollars to avoid litigation, without any evidentiary basis to do so and wrongfully forced Property Matters to incur fees defending itself from AAP's improper litigation tactics. AAP now admits that it was *actually aware* before filing this action that the act of alleged infringement was performed by Home Junction. Opp. at 11; ECF No. 30-2, Declaration of Daniel DeSouza ("DeSouza Decl."), ¶¶ 7-11. AAP was also *constructively aware* that the act of alleged infringement was performed by Home Junction. ECF No. 1-3 ("Website Design powered by Home Junction."); ECF No. 1, ¶ 23 ("To that end, Home Junction was responsible for designing and managing Property Matters' website for Property Matters' review and approval, and, upon receipt of such approval, Home Junction would publish that content on Property Matters' behalf.").

As admitted in the Opposition and DeSouza Declaration, AAP *sued Property Matters* because AAP *could not* resolve the matter *with Home Junction*. Opp. at 11; Stevens Decl., ¶¶ 30-31; DeSouza Decl., ¶¶ 11-12. Then, AAP knowingly misrepresented material facts to the parties and the Court when it filed its Complaint stating that the alleged infringement occurred "after" AAP's

---

[2] AAP's counsel makes several untethered statements about the undersigned trying to "trap" AAP into dismissing "with prejudice." Contrary to Mr. DeSouza's further representations to the Court, this issue was openly discussed between counsel, and it was explained by the undersigned that dismissing "with prejudice" was suggested because it was in AAP's—and CopyCat Legal's— best interest by avoiding a ruling on the issue of the statute of limitations. Correct application of the injury rule, or a determination that constructive knowledge occurs when a public act of infringement occurs, would be detrimental to AAP's lucrative copyright-plaintiff contingency-fee business.

2018 registration of the Work. ECF No. 1, ¶¶ 16, 24; *see also* ECF No. 26-1, Declaration of Andrew D. Lockton, Esq. ("Lockton Decl."), ¶ 14; ECF No. 26-5, Ex. A4 to the Lockton Decl. (addressing ethical violations by AAP and its counsel from the initial demand letter and knowing misrepresentations in the Complaint).

In first threatening Property Matters, AAP's counsel made several material misrepresentations of fact and law to a lay person, violating Florida ethics rules, and demanded the *outrageous* sum of $35,000.00 for the alleged infringment of a single photograph. *See* Lockton Decl., ¶¶13-14 and ECF Nos. 26-4, 26-5, Exs. A3-A4 to Lockton Decl. When Property Matters first appeared in this matter, it sent AAP a dedicated letter addressing the several serious bars to its maintaining and/or prevailing in a case against Property Matters. Lockton Decl, ¶ 6 and ECF No. 26-3, Ex. A2 to Lockton Decl. AAP's counsel, *apparently*, did not bother to read that letter. Lockton Decl., ¶ 10. AAP forced Property Matters to incur fees in responding to AAP's improper Complaint and then dismissed Property Matters *only after* AAP's misconduct was highlighted. *See* Lockton Decl., ¶¶ 6-17 and Ex. A4 to Lockton Decl.

But then, after dismissing Property Matters from the case, in a further bad faith act of litigation abuse, AAP threatened to refile the action unless Property Matters *paid AAP an additional* $2,500 – $4,500 *after* Home Junction's settlement for the same alleged act. Lockton Decl., ¶ 22 and ECF No. 26-7, Ex. A6 to Lockton Decl.

AAP invoked the power of this Court to force Property Matters to formally defend itself in copyright-infringement litigation. Based on AAP's response and declarations, at best, AAP realized that it sued the wrong party and dismissed the case against Property Matters because it had no chance of prevailing; at worst, AAP *knew* it *never* had a claim against Property Matters, but nevertheless has attempted through multiple communications to wrongfully extract thousands of

dollars from an innocent party.  *See* Opp. at 11-12; *see also* Stevens Decl., ¶¶ 29-36; DeSouza Decl., ¶¶ 3-14,

### III. AAP'S ARGUMENTS AS TO THE REASONABILITY OF FEES ARE UNSUPPORTABLE IN FACT AND LAW.

Finally, AAP argues without factual or legal support that the number of hours incurred in preparing briefs should be reduced.  Opp. at 12.  Whereas AAP may employ form complaints and present its motions based on templates—a necessary practice for AAP and its counsel to make their high-volume litigation business profitable—the motions presented by Property Matters have been specifically researched and written for the specific facts at issue in this action.  *See* Mot. at 14, 16.  AAP's suggestion that researching, outlining, drafting, editing, and finalizing motions—including the preparation of declarations and exhibits—should only take 3-6 hours per motion is frivolous and unrealistic.[3]  Noticeably, AAP provides no legal support or case where any court has adopted such a minimalist approach in determining the reasonable hours involved in litigation.

As addressed in the Motion, including its exhibits, the number of hours incurred in defending this action was reasonable—especially in light of AAP's demand for $35,000 at the outset of this action and subsequent demand for $2,500 – $4,500 *after dismissing* its claims.  In following the precedent of the Supreme Court and Eleventh Circuit, as well as to further the goals of the Copyright Act, Property Matters should be awarded the fees requested in the underlying motion, to be supplemented to include the additional fees incurred in this briefing process.

### CONCLUSION

For the reasons addressed above and in the underlying Motion (ECF No. 26), Property Matters respectfully requests that the Court grant its Motion and award it its full costs from

---

[3] Indeed, more than AAP's suggested 3-6 hours has been incurred just preparing this Reply to AAP's Opposition.

9

defending this action, including the reasonable attorneys' fees AAP forced Property Matters to incur.

                                              Respectfully submitted,

                                              MCHALE & SLAVIN, P.A.

                                              **Andrew D. Lockton**
                                              Andrew D. Lockton (Florida Bar No. 115519)
                                              Edward F. McHale (Florida Bar No. 190300)
                                              2855 PGA Boulevard
                                              Palm Beach Gardens, Florida 33410
                                              Telephone:   (561) 625-6575
                                              Facsimile:    (561) 625-6572
                                              E-mail:       litigation@mchaleslavin.com

                                              *Counsel for Defendant Property Matters USA, LLC*