UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cv-14296-Cannon/McCabe

AFFORDABLE AERIAL
PHOTOGRAPHY, INC.,

    Plaintiff,

v.

PROPERTY MATTERS USA, LLC,
and HOME JUNCTION, INC.,

    Defendants.
_____/

## REPORT & RECOMMENDATION

THIS CAUSE came before the Court upon Defendant's Motion for Attorneys' Fees and Costs ("Motion") (DE 26), which was referred to the undersigned by United States District Judge Aileen M. Cannon (DE 27). For the reasons set forth below, the undersigned **RECOMMENDS** that the Motion (DE 26) be **DENIED**.

**I.    FINDINGS OF FACT**

The Court held an evidentiary hearing on this Motion on April 13, 2023 (DE 46). Based on the evidence received and considered, the Court makes the following findings of fact.[1]

    1.    Robert Stevens is a professional photographer who specializes in aerial real estate photography. He conducts his work through an entity that he owns and controls called Affordable Aerial Photography, Inc. ("AAP"), which is the Plaintiff in this case.

---

[1] In making factual findings, the Court cites to documentary evidence admitted during the hearing and relevant portions of the record. The factual findings are also based upon, or supplemented by, the testimony as recalled by the Court, as the testimony has not been formally transcribed and made part of the record.

2. In 2010, Stevens created an aerial photograph titled "PRESIDENTIAL PLACE FRONT AERIAL 2010 AAP" (hereafter "the Work"). The photograph depicts an aerial view of a multi-story residential condominium complex known as Presidential Place (DE 52-1 at ¶¶ 15-17). AAP registered the Work for copyright protection in April 2018 (DE 52-1 at ¶ 16, DE 52-1 at 18-20).

3. Over the years, AAP has amassed a large inventory of aerial real estate photographs, similar to the Work, which have been published in various forms. For many years, AAP has been aware that third parties commonly re-publish these photographs over the internet without licenses or permission. As the problem increased over the years, AAP began to take measures to search the internet for unlicensed use of AAP photographs. (DE 40 at 5 ¶¶ 8, 18; DE 52-1 at ¶¶ 11, 13-14, 26-29).

4. Beginning by at least 2018, Stevens employed the following method to search for improper use of AAP's photographs, assisted by Mateusz Rymarski, who works as an independent contractor for AAP (DE 40 at 5 ¶ 9). On an annual basis, Stevens and Rymarski work together to search each item in AAP's inventory of published works, which consists of thousands of photographs. Stevens and Rymarski use one or more of the following methods to conduct these searches:

- Google reverse-image searches. This involves sitting at a computer and manually performing reverse-image searches, one at a time, of items in the AAP inventory via Google.

- Tin Eye reverse-image searches. Like a Google reverse-image search, this method involves sitting at a computer and manually performing reverse-image searches of items in the AAP inventory, one at a time, via Tin Eye.

- Crawler searches. This method makes use of specialized internet "crawler" software that AAP can access via an account held by AAP's legal counsel. This method allows AAP to upload several hundred images at once. AAP must then sort through the results manually.

5. Stevens and Rymarski regularly perform these searches on behalf of AAP as time permits within their schedules. They keep track of the items they have searched by segregating searched and un-searched items into different folders. Using this method, they make sure that each item of inventory is searched at least once per year. Rymarski estimates that he spends, on average, about two or three hours per day performing these searches.

6. AAP's search methods do not yield perfect results. In particular, reverse-image searches do not capture every possible location that a given photograph appears on the internet. Results vary based on factors such as the month and year of the search and the size of the photographed searched. Over the years, Stevens has discovered many instances of AAP copyright infringement that were not uncovered by AAP's search techniques.

7. AAP also called Joe Naylor, the owner and CEO of ImageRights International, Inc. ("ImageRights") as a witness.[2] ImageRights monitors the internet for copyright infringement on behalf of hundreds of copyright holder clients. ImageRights has a proprietary "crawler" software that monitors the internet for infringement of its clients' copyrighted images. This crawler software makes use of numerous servers devoted to reverse-image searching and image comparison.

8. Naylor testified that even the most sophisticated crawler software cannot capture all copyright infringement on the internet. He estimated that the internet contains over 3 trillion photos, with up to 5 billion images uploaded each day. Naylor testified that the ImageRights

---

[2] Property Matters objected to Naylor's testimony as an improperly disclosed expert. The Court overruled this objection. Although a variety of rules govern the timing for disclosure for experts at trial, *see e.g.*, Fed. R. Civ. P. 26; Fed. R. Civ. P. 36, these rules do not apply to the evidentiary hearing on this Motion. The Court set no disclosure time limits for this Motion, other than docket entry 39, which required a list of witnesses by April 6, 2023. AAP complied with that time limit (DE 40 at 8-9).

software often misses instances of copyright infringement, and that his clients often report examples of copyright infringement that the company's software did not capture.

9.     AAP used the search techniques discussed in paragraph four (4) above to search for copyright infringement of the Work, at least one time per year, from 2017 through 2022. During that time, AAP discovered several examples of copyright infringement of the Work. AAP did not, however, discover the alleged infringement by Property Matters until February 21, 2022.

10.    Specifically, on February 21, 2022, a reverse image search led AAP to discover the website of Property Matters, a real estate broker (DE 52-1 ¶¶ 24-25, DE 40 at 5 ¶ 4). The Property Matters' website depicted the Work, alongside a description of the Presidential Place condominium, touting the benefits of purchasing a unit in the building (DE 52-1 ¶¶ 24-25; DE 40 at 5 ¶ 1). Property Matters never purchased a license or otherwise received permission from AAP to use the Work on its website.

11.    Once Stevens discovered the Property Matters website, he forwarded the matter to his attorney (DE 40 at 5 ¶ 4). Thereafter, on March 1, 2022, AAP's attorney sent a demand letter and takedown request to Property Matters (DE 52-5, DE 56-1).

12.    On March 31, 2022, an employee of AAP's counsel spoke to Property Matters' owner, who advised that the company's website had been created by another company, "Home Junction," and that he was waiting to hear back from Home Junction. Later, in May 2022, AAP's counsel sent additional emails to Property Matters, but recevied no substantive response except that Home Junction was "looking into it" (DE 56-3 at 2).

13.    Having received no satisfactory response from either Property Matters or Home Junction, Stevens, on behalf of AAP, made the decision to sue both companies. To that end, on August 21, 2022, AAP filed a copyright infringement action pursuant to 17 U.S.C. § 501, naming both Property Matters and Home Junction as defendants (DE 1, DE 40 at 5 ¶ 5).

14. Shortly thereafter, on August 23, 2022, the District Court entered an Order that (1) prohibited any defendant from filing a response or answer until all defendants had been served in the case, and (2) required combined responses or separate answers within the time allowed for the last-served defendant to respond (DE 5).

15. Despite this Order, on October 7, 2022, Property Matters filed a motion to dismiss without waiting to combine its response with co-defendant Home Junction (DE 10). The District Court therefore denied Property Matters' motion based on this violation of the Court's instructions (DE 15).

16. In the meantime, AAP's counsel began to engage in settlement discussions with Home Junction. Based on these ongoing settlement discussions, Stevens made the decision to dismiss the case against Property Matters. As such, on October 18, 2022, Plaintiff filed a notice of voluntary dismissal without prejudice as to Property Matters (DE 17).

17. Thereafter, on November 9, 2022, AAP concluded its settlement discussions with Home Junction and filed a Notice of Settlement (DE 23), resulting in the administrative closing of the case (DE 24).

18. In total, the case against Property Matters remained pending for only eighty-one (81) days.

II.  **DISCUSSION**

Property Matters seeks entitlement to attorneys' fees under the 17 U.S.C. § 505, which provides:

> In any civil action under this title, the court *in its discretion may* allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court *may* also award a reasonable attorney's fee to the *prevailing party* as part of the costs.

(emphasis added). This statute requires the Court to resolve two issues: (A) whether Property Matters qualifies as a "prevailing party" under the language of § 505, and (B) if so, whether the Court should exercise its discretion to make an award of attorneys' fees and costs. The Court addresses each issue in turn.

### A.     Prevailing Party

AAP voluntarily dismissed its case against Property Matters without prejudice (DE 17). "Ordinarily, a dismissal without prejudice is not a 'judgment on the merits' for purposes of declaring a prevailing party because it does not alter the legal relationship of the parties, as the plaintiff may re-file the case." *Sream, Inc. v. Smoke This Too, LLC*, No. 16-cv-61439, 2017 WL 3025864, at *2 (S.D. Fla. July 14, 2017) (cleaned up). Property Matters nevertheless argues it qualifies as the prevailing party because the Copyright Act's three-year statute of limitations has now expired. As such, Property Matters argues it has "prevailed" because AAP cannot refile another case. *See Tomelleri v. Natale*, No. 9:19-CV-81080, 2022 WL 2341237, at * 2 (S.D. Fla. Feb. 18, 2022) (noting that a dismissal without prejudice can have the effect of a dismissal with prejudice when the statute of limitations has expired).

The Court disagrees. The Copyright Act requires a plaintiff to file suit "within three years after the claim accrued." 17 U.S.C. § 507(b). A copyright infringement claim accrues "when plaintiff learned of or, in the exercise of reasonable diligence, should have learned of the alleged infringement." *See Tomelleri,* 2022 WL 2341237 at * 2 (noting that courts in this district have "consistently applied" the discovery rule to copyright infringement actions); *see also Nealy v. Warner Chappell Music, Inc.*, 60 F.4th 1325 (11th Cir. 2023) (applying discovery rule to copyright ownership action).

Applying that standard here, the Court finds that AAP's claim "accrued" on the date of AAP's actual discovery of the infringement, i.e., February 21, 2022. The Court finds that AAP

exercised reasonable diligence by making the discovery on this date, and that AAP need not be held to a higher level of diligence that might have led to an earlier discovery date. The Court bases this conclusion on the findings of fact set forth above, as adduced at the evidentiary hearing.

Because AAP's claim accrued on February 21, 2022, the statute of limitations will not expire until February 21, 2025. *See* 17 U.S.C. § 507(b). Since the statute of limitations has not yet expired, Property Matters cannot be deemed the "prevailing party" for purposes of attorneys' fees and costs under 17 U.S.C. § 505. As such, the Motion should be denied.

**B.     Discretion**

Given the conclusion in section II.A, the Court need not proceed any further. Nevertheless, for the sake of completeness and for the benefit of the District Court, the undersigned makes the following alternative recommendation.

Even when a party qualifies as the "prevailing party," § 505 of the Copyright Act vests courts with discretion to limit or withhold an award of attorneys' fees and costs. *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 (1994). In exercising this discretion, courts should consider several factors, including: (1) the degree of success obtained; (2) frivolousness; (3) motivation; (4) objective unreasonableness (both in the factual and legal components of the case); and (5) the need in particular circumstances to advance considerations of compensation and deterrence. *Id.* at 535 n.19; *see also MiTek Holdings, Inc. v. Arce Eng'g Co.*, 198 F.3d 840, 842 (11th Cir. 1999) (applying the *Fogerty* factors). Courts need not consider all of these factors in any given case, as "[t]here is no precise rule or formula for making these determinations." *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983).

The Court has considered the *Fogerty* factors here and finds no award of attorneys' fees or costs to be proper. The case against Property Matters remained pending for eighty-one (81) days and involved very little activity, apart from a motion to dismiss that Property Matters filed in

7

violation of the District Court's instructions. AAP sued only two defendants, and one of them – the creator of the website that allegedly infringed AAP's copyright – settled. Although the Court never reached the merits of AAP's claims against Property Matters, the Work nevertheless remained on Property Matters' website – presumably promoting Property Matters' business – for some period of time. The Court finds it would not serve the purposes of the Copyright Act to award attorneys' fee or costs to Property Matters under these circumstances. For this reason as well, the Motion should be denied.

## III.     RECOMMENDATION & NOTICE OF RIGHT TO OBJECT

For the reasons stated above, the undersigned **RECOMMENDS** that the Motion (DE 26) be **DENIED**.

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with United States District Judge Aileen M. Cannon. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1.

**RESPECTFULLY SUBMITTED** in Chambers at West Palm Beach in the Southern District of Florida, this 10th day of May 2023.

RYON M. MCCABE
U.S. MAGISTRATE JUDGE