UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

CASE NO. 22-14296-CIV-CANNON/McCabe

**AFFORDABLE AERIAL
PHOTOGRAPHY, INC.**,

    Plaintiff,

v.

**PROPERTY MATTERS USA, LLC** and
**HOME JUNCTION INC.**,

    Defendants.
_____/

**ORDER ACCEPTING MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION [ECF No. 62]**

**THIS CAUSE** comes before the Court upon the Motion for Attorneys' Fees and Costs ("Motion") filed by Defendant Property Matters USA, LLC ("Property Matters") [ECF No. 26]. The Court referred the Motion to Magistrate Judge Ryon M. McCabe for a report and recommendation [ECF No. 27]. On May 10, 2023, Judge McCabe issued a report recommending that Defendant's Motion be denied (the "Report") [ECF No. 62]. Property Matters filed Objections to the Report [ECF No. 63], to which Plaintiff filed a Response [ECF No. 64]. The Court has reviewed the Report [ECF No. 62], all related filings [ECF Nos. 63, 64], and the full record. For the reasons set forth below, the Report [ECF No. 62] is **ACCEPTED**.

**RELEVANT BACKGROUND**

Plaintiff commenced this copyright infringement suit against Defendants Property Matters USA, LLC and Home Junction Inc. on August 21, 2022 [ECF No. 1]. Property Matters then filed a Motion to Dismiss [ECF No. 10], which the Court denied without prejudice because it violated the Court's Order Requiring Combined Responses [ECF No. 15]. Thereafter, Plaintiff filed a

CASE NO. 22-14296-CIV-CANNON/McCabe

Notice of Voluntary Dismissal Without Prejudice as to Property Matters USA, LLC only [ECF No. 17], dismissing its claims against Property Matters without prejudice pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure. The Court then issued an Order Dismissing Plaintiff's Claims Against Defendant Property Matters USA, LLC [ECF No. 19], which terminated Property Matters from the action. Following the Order Dismissing Claims, Defendant filed the instant Motion for Attorneys' Fees and Costs (the "Motion"), seeking $22,650.00 in attorneys' fees through December 19, 2022 [ECF No. 26 p. 8]. This Court referred the Motion to Magistrate Judge McCabe for a report and recommendation [ECF No. 27]. The Report is ripe for adjudication [ECF Nos. 63, 64].

**LEGAL STANDARD**

To challenge the findings and recommendations of a magistrate judge, a party must file specific written objections identifying the portions of the proposed findings and recommendation to which objection is made. *See* Fed. R. Civ. P. 72(b)(3); *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989); *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). A district court reviews de novo those portions of the report to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1). To the extent a party fails to object to parts of the magistrate judge's report, the Court may accept the recommendation so long as there is no clear error of law or fact on the face of the record. *Macort*, 208 F. App'x at 784; *see also* 28 U.S.C. § 636(b)(1).

**DISCUSSION**

At bottom, Property Matter's Motion presents the question of what effect the Court's dismissal of Plaintiff's claims against Property Matters on October 20, 2022, had on Plaintiff's right to bring a future claim against Property Matters. If the three-year statute of limitations under

2

the Copyright Act had expired, 17 U.S.C. § 507(b), then the Court's dismissal, though in name a dismissal without prejudice [*see* ECF No. 19], would effectively become a dismissal with prejudice. If so, then Property Matters "would be a prevailing party and may be entitled to attorneys' fees in connection with this action." *Tomelleri v. Natale*, No. 19-CV-81080, 2022 WL 2341237, at *3 (S.D. Fla. Feb. 18, 2022). However, if on October 21, 2022, Plaintiff could have re-filed its claims against Property Matters, then Property Matters would not be entitled to attorneys' fees in this action. *See id.*

Following the consistent trend of courts in this District, the Report correctly applies the "discovery rule" to determine whether the statute of limitations expired as of October 21, 2022 [ECF No. 62 pp. 6–7]. It answers that question in the negative and concludes that, because Plaintiff's claim did not accrue until Plaintiff actually discovered the alleged infringement by Property Matters on February 21, 2022, the three-year statute of limitations in 17 U.S.C. § 507(b) does not expire until February 21, 2025 [ECF No. 62 pp. 6–7 (citing *Tomelleri*, 2022 WL 2341237, at *2; *Nealy v. Warner Chappell Music, Inc.*, 60 F.4th 1325 (11th Cir. 2023))]. Property Matters challenges the Report's use of the "discovery rule" as "contrary to the law of this Circuit" and "clearly erroneous" [ECF No. 63 p. 6]. However, it is clear that "neither the Supreme Court nor the Eleventh Circuit has ruled definitively on what test for 'accrual' applies in copyright infringement claims." *Tomelleri*, 2022 WL 2341237, at *2. Property Matters' attempt to dispute this fact rests on a 1971 Fifth Circuit decision, *Prather v. Neva Paperbacks, Inc.*, 446 F.2d 338 (5th Cir. 1971), which Property Matters acknowledges interpreted an earlier iteration of the Copyright Act [ECF No. 63 p. 4 (noting that the *Prather* decision interpreted the "effectively verbatim pre-1976 Act's statute of limitation")]. Property Matters then points to a recent Eleventh Circuit decision, *MSPA Claims 1, LLC v. Tower Hill Prime Ins. Co.*, 43 F.4th 1259 (11th Cir.

3

2022) [ECF No. 63 p. 7].  However, as Property Matters acknowledges, that decision interprets 28 U.S.C. § 1658(a), "the catch-all statute of limitations for federal actions"—not the limitations period applicable here (17 U.S.C. § 507(b)) [ECF No. 63 p. 7].  Despite Property Matters' attempts to prove otherwise, the Eleventh Circuit has not resolved when an action "accrues" under the statute of limitations attendant to Copyright Act claims, 17 U.S.C. § 507(b).  And upon review of the relevant authorities and principles, the Court agrees with the Report and the trend in this District that accrual occurs when a "plaintiff learned of or, in the exercise of reasonable diligence, should have learned of the alleged infringement."  *Tomelleri*, 2022 WL 2341237, at *2 (citing cases).

Applying the "discovery rule" to the instant case, the Report concludes, based on the evidence presented at an evidentiary hearing, that Plaintiff "exercised reasonable diligence in making the discovery" on February 21, 2022, and that Plaintiff "need not be held to a higher level of diligence that might have led to an earlier discovery date" [ECF No. 62 pp. 6–7].[1]  Property Matters challenges this conclusion and argues that Plaintiff had constructive knowledge of the alleged infringement as early as 2017, when the work became publicly available on Property Matters' website [ECF No. 63 p. 10].   The Court agrees with the Report's well-supported conclusion that Plaintiff, who ran annual reverse image searches of the work, exercised reasonable diligence and discovered through that diligence the alleged infringement on February 21, 2022— making February 21, 2022, the date the claim accrued for purposes of 17 U.S.C. § 507 [ECF No. 62 p. 4 ¶ 9; ECF No. 62 p. 7].

Based on the accrual date of February 21, 2022, the Report correctly concludes that the statute of limitations on Plaintiff's claim for copyright infringement against Property Matters will

---

[1] Property Matters raises no challenges to the Report's Findings of Fact [ECF No. 62 pp. 1–5].

not expire until February 21, 2025 [ECF No. 62 p. 7]. Because Plaintiff is not time-barred from raising its copyright infringement claim against Property Matters in a separate suit through that period—and because Defendants remain subject to the risk of refiling given the Court's Order dismissing the claims without prejudice—the Court's Order Dismissing Claims did not "create[] a material alteration of the legal relationship of the parties." *Tomelleri*, 2022 WL 2341237, at *2 (internal quotation marks omitted). Property Matters is not the "prevailing party" in this litigation and is not entitled to an award of attorneys' fees under 17 U.S.C. § 505. *See generally Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Hum. Res.*, 532 U.S. 598, 604 (2001).[2]

## CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Report and Recommendation [ECF No. 62] is **ACCEPTED**.

2. Defendant Property Matters USA, LLC's Motion for Attorneys' Fees and Costs [ECF No. 26] is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 5th day of July 2023.

_____
AILEEN M. CANNON
UNITED STATES DISTRICT JUDGE

cc: counsel of record

---

[2] The Court declines to address Property Matter's objections to the Report's alternative recommendation to deny attorneys' fees based on the factors laid out in *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 535 n.19 (1994) [ECF No. 62 pp. 7–8; ECF No. 63 pp. 11–20].